# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| |  |
|---|---|
| **MANUEL LAMPON-PAZ,**<br><br>Plaintiff,<br><br>v.<br><br>**OFFICE OF PERSONNEL MANAGEMENT,**<br>Defendant. | Civ. No. 16-8650 (KM) (JBC)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Manuel Lampon-Paz brings this action against defendant Office of Personnel Management ("OPM"). Lampon-Paz here alleges, as he did in a prior, dismissed action, that OPM failed to provide him with monthly disability annuity retirement payments that were due to him, although the amounts owed were later repaid. He adds a claim arising from a setoff for Social Security disability ("SSDI") benefits. The OPM moves to dismiss the complaint for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). For the reasons set out below, OPM's motion to dismiss is granted, and the complaint is dismissed with prejudice for lack of jurisdiction.

## I. BACKGROUND

### A. The Prior Action

On July 24, 2015, Lampon-Paz filed a complaint against OPM, Civ. No. 15-5835, alleging that OPM "stopped [his] annuity without cause."[1] This, he alleged, violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3. (Civ. No. 15-5835 ECF no. 1) In April 2016, I dismissed that complaint, noting that Lampon-Paz had (1) sued the wrong party, (2) failed to state facts that would support a claim under Title VII, and (3) failed to exhaust administrative

---

[1] A review of the docket reveals that Mr. Lampon-Paz has filed nine actions in this Court. By the "prior action," I mean Civ. No. 15-5835.

1

remedies before bringing suit. (Civ. No. 15-5835 ECF Nos. 26-27) That dismissal was without prejudice to the submission of an amended complaint. (Civ. No. 15-5835 ECF Nos. 26-27)

In April 2016, Mr. Lampon-Paz filed an amended version of his complaint in Civ. No. 15-5835. This time, he asserted claims for negligence and violations of 42 U.S.C. §§ 1981 and 1983. (Civ. No. 15-5835 ECF No. 28) On May 5, 2016, OPM again moved to dismiss for failure to exhaust administrative remedies and failure to state a claim. (ECF No. 30)

On September 28, 2016, I ordered OPM to analyze the exhaustion issue in light of Lampon-Paz's submission and address "whether, technicalities aside, there is an avenue for determination of whether plaintiff has received the annuity benefits he is owed." (Civ. No. 15-5835 ECF No. 34) In response, OPM submitted evidence that Lampon-Paz was repaid all the disability payments owed to him for the one-month period that his benefits were temporarily suspended (from July 1, 2015, to August 1, 2015). (OPM Reply Br. 6) That, Lampon-Paz admitted, was correct, "but the fact that a payment was suspended without reason or justification . . . shows that the defendants must have bias." (Civ. No. 15-5835 ECF no. 39)

I granted OPM's motion to dismiss the amended complaint. (Civ. No. 15-5835 ECF no. 40) The federal statutory claims were dismissed with prejudice because they failed to state a claim, and amendment would have been futile. I dismissed the negligence claim under the Federal Tort Claims Act because Mr. Lampon-Paz had not exhausted administrative remedies. That portion of the dismissal was without prejudice, because the grounds did not involve the merits.

### B. This Action

The most pertinent language of the Complaint is quoted in the margin.[2] I summarize the allegations as follows.

In the current action, Mr. Lampon-Paz reasserts the same grievance—*i.e.*, that his disability retirement annuity payments were suspended for a short period. As Mr. Lampon-Paz acknowledged in that earlier action, OPM suspended his July 1, 2015 annuity payment, saying that he had not responded to a required survey form. By August 1, 2015, the problem was fixed, and OPM paid both the August 1 and the July 1 instalment.

The complaint also relates to a dispute involving SSDI benefits. The OPM is not responsible for Social Security benefits, but it has a policy of offsetting SSDI benefits against the disability annuity payment.[3] Mr. Lampon-Paz alleges that his benefits were offset in 2013 and/or 2014 based on a now-superseded policy of the OPM that the offset would apply even if the SSA had interrupted or stopped paying the SSDI benefits.[4] The focus of Mr. Lampon-Paz's papers in

---

[2] Here is some of the critical language, from the Complaint at page 2:

In August, 2010, I was awarded a disability retirement annuity. In August 2015 I was informed that the Office of Personnel Management had stopped my annuity without cause. I was informed by personnel at OPM that I will not being issuing my annuity for August 2015 because letters from OPM were sent back to OPM as undeliverable. In November 2013 I informed the Office of Personnel Management that my Social Security was going to be stopped in December 2013 and that I needed my full annuity allotment to start in January 2014. I sent them the required material to OPM personnel so they can make the adjustment. OPM stated that my full allotment would start by February 2014. In fact, OPM did not start my full allotment until January 2015 . . .

[3] Mr. Lampon-Paz has separately filed two actions against the Commissioner of Social Security. Civ. Nos. 16-5052, 16-9537.

[4] OPM has submitted a sworn declaration on this issue, which it is not necessary to consider on this motion to dismiss. ("Beach Decl.", ECF no. 27-1) The declaration relates that there was an interruption in 2014, but it had nothing to do with this SSDI policy; it related to incorrect banking information given by Mr. Lampon-Paz. At any rate, all amounts withheld pursuant to the superseded SSDI policy were repaid retroactively on January 1, 2015. I do not need to rely on those factual contentions to decide the jurisdictional issue presented here. They would properly be considered

3

opposition to the motion to dismiss shifts almost entirely to this aspect of the complaint.

Mr. Lampon-Paz alleges that OPM was negligent, and that as a result, he suffered harm, including ruined credit and eviction.

## II. DISCUSSION

### A. Standard of Review

OPM moves to dismiss the complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Lack of subject matter jurisdiction may be raised at any time. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). Rule 12(b)(1) challenges may be either facial or factual attacks. *See* 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa*, 67 F. Supp. 2d at 438. A court considering such a facial challenge assumes that the allegations in the complaint are true, and may dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa*, 67 F. Supp. 2d at 438. In reviewing a factual attack, "the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence. If there is a dispute of a material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006) (citations omitted).)

Where a plaintiff, like Mr. Lampon-Paz here, is proceeding *pro se*, his complaint is "to be liberally construed," and, "however inartfully pleaded, must

---

pursuant to a motion for summary judgment on the merits, but I do not consider them now.

4

be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

### B. Analysis

The OPM seeks dismissal for lack of jurisdiction. Mr. Lampon-Paz seems to be alleging that he has remedied one deficiency with his complaint in the earlier action, Civ. No. 15-5835, in that he has now exhausted administrative remedies in connection with a negligence claim under the Federal Tort Claims Act ("FTCA").[5] Mr. Lampon-Paz's claims, whether considered as negligence claims or under some other theory, essentially flow from his contention that his disability annuity payments were delayed or miscalculated for some period or periods of time.

As the OPM points out, mere failure to exhaust is not the only problem with such a claim. A more fundamental problem is that such claims for damages[6] against the OPM concerning a disability annuity are cognizable exclusively under the review procedures of the Civil Service Retirement Act ("CSRA"), 5 U.S.C. § 8331, *et seq. See also Fornaro v. James*, 416 F.3d 63, 67 (D.C. 2005) ("[W]hat you get under the CSRA is what you get."); *Sarullo v. U.S. Postal Service*, 352 F.3d 789, 795 (3d Cir. 2003) (holding that the court lacked subject matter jurisdiction over plaintiff's malicious prosecution claim because

---

5 OPM states that the FTCA claim is defective because the Complaint fails to name the proper defendant, *i.e.*, the United States. *See Lampon-Paz v. Office of Personnel Management*, 15-5835(KM), ECF No. 40 (Nov. 15, 2016 Opinion) at 4, n. 5. Particularly in a *pro se* case, I might permit amendment to correct that technical error of pleading. For the reasons expressed herein, however, the flaw is more basic.

6 The complaint contains a *pro forma* demand for injunctive relief. To that extent, I would dismiss it for failure to state a claim. No forward-looking facts are pled.

5

the "case ar[ose] out of the employment context and [ ] the CSRA therefore provides the full scheme of remedies available to [plaintiff].")

The CSRA commits an initial determination regarding federal disability benefits to the OPM. *See* 5 U.S.C. §§ 8451, 8461; *see also* 5 U.S.C. § 844.103. The OPM's determination is reviewable by the MSPB. *See* 5 U.S.C. § 8347. Judicial review of the MSPB's determination is available only in the United States Court of Appeals for the Federal Circuit. See 5 U.S.C. § 7703(d); *see also Lindahl v. OPM*, 470 U.S. 768, 798–99 (1985); *Lampon-Paz v. Dep't of Homeland Sec.*, 532 F. App'x 125 (3d Cir. 2013) (affirming dismissal of complaint for lack of jurisdiction to the extent it could be construed as an appeal of a decision of the MSPB). It would not be reviewable here.

In his two oppositions (ECF nos. 28, 29), Mr. Lampon-Paz refers to the Beach Declaration's citation to *Stephenson v. OPM*, 705 F.3d 1323 (Fed. Cir. 2013) (Beach Decl. ¶¶ 7–9). That case, however, merely reversed the OPM policy (now superseded) that a disability annuity would be offset by the amount of Social Security disability benefits, despite their having been discontinued. *Stephenson* was itself an appeal to the Federal Circuit from an MSPB determination; it does not rebut the jurisdictional point asserted by OPM here.

In his first opposition (ECF no. 28, at 9–12), Mr. Lampon-Paz addresses the jurisdictional issue to some degree. He states in essence that he is no longer an employee, and that in any event he was employed by the Department of Homeland Security, not OPM, and therefore was not required to go through the MSPB. That contention is amply rebutted by the authorities cited by OPM in both its moving and reply briefs. As a CSRA disability annuitant, Mr. Lampon-Paz must proceed through the MSPB and appeal any adverse decision to the Federal Circuit. *See* 5 U.S.C. §§ 8461(e), 7701, 7703(b). Those procedures are not confined to employees of the OPM itself; the OPM was created for the purpose of, *inter alia*, adjudicating federal disability annuity benefits claims. *Fornaro*, 416 F.3d at 66. *See also Rahowshy v. OPM*, MSPB Docket No. DE-0831-14-0388-I-1, 2016 WL 1580227 (Apr. 13, 2016) (widow of

non-OPM employee annuitant filing for benefits); *Permoda v. OPM*, MSPB Docket No. CH-0831-14-0810-I-2, 2017 WL 67121 (Jan. 5, 2017) (former Air Traffic Controller for the Federal Aviation Administration filing for annuity benefits).[7]

OPM further contends that the case is moot because Mr. Lampon-Paz sues for amounts which, even if erroneously withheld for a time, were fairly promptly repaid. It is not necessary for me to reach this contention.

## III. CONCLUSION

For the foregoing reasons, the motion to dismiss of defendant OPM is GRANTED and the complaint is DISMISSED WITH PREJUDICE for lack of jurisdiction. An appropriate Order accompanies this Opinion.

Dated: July 12, 2017

**KEVIN MCNULTY**
**United States District Judge**

---

[7] Mr. Lampon-Paz filed a third, surrebuttal opposition. (ECF no. 32) It was filed without leave, and I disregard it. I note, however, that it would not require a different analysis or result. In that third opposition, he states that restoration of benefits wrongfully withheld pursuant to the old SSDI offset policy is outside the MSPA/Federal Circuit review regime, again citing *Stephenson*. But *Stephenson* itself was an appeal to the Federal Circuit from an MSPB determination. The fact that the OPM and MSPB are bound to adhere to the *Stephenson* holding does not confer jurisdiction on this court.

7